UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Crim. No. 08-00006-JAW** |
| ) | **Civ. No. 11-00007-JAW** |
| **ADAM STONE** ) | |
| ) | |

**GOVERNMENT MOTION FOR COURT ORDER DIRECTING THE RELEASE
OF CLIENT FILES AND TO SUBMIT TO INTERVIEW BY GOVERNMENT
COUNSEL AND SUPPORTING MEMORANDUM OF LAW**

NOW COMES the United States of America, by its attorneys, Thomas E. Delahanty II, United States Attorney, and Margaret D. McGaughey, Appellate Chief, and moves, pursuant to Rule 6 of the Rules Pertaining to Section 2255 Proceedings, for the entry of an order directing Virginia Villa, Esq., (1) to provide to Margaret D. McGaughey, Appellate Chief, United States Attorney's Office, all records in her possession, or available to her, concerning the personal, family, or mental health background of movant Adam Stone that are relevant to Stone's claim that Attorney Villa violated his rights "because she failed to adequately investigate and then present mitigating expert evidence, including that Stone presents a minimal risk of re-offending"; and (2) to submit to an interview by Government counsel with respect to the claim raised in Stone's Section 2255 motion. In support of such motion, the Government states:

1. Adam Stone has filed a motion pursuant to 28 U.S.C. §2255 in which he claims that his Sixth Amendment right to the effective assistance of counsel was violated because trial counsel, Virginia Villa, "failed to adequately investigate and then present mitigating expert evidence, including that Stone presents a minimal risk of re-offending." The Government has been ordered to respond to Stone's petition.

1

2. Records and information in Attorney Villa's possession concerning the personal, family, or mental health background of Stone that are relevant to the claim that Attorney Villa violated Stone's rights by failing to investigate and present mitigating expert evidence, including evidence relating to Stone's risk of re-offending, will assist the Government in responding to Stone's Section 2255 petition. An interview by Government counsel concerning Attorney Villa's communications with Stone about his personal, family, or mental health background would also enable the Government to respond to the petition.

3. The First Circuit has explained that the attorney-client privilege cannot be used as both a sword and a shield to avoid the disclosure of information that may be harmful to a criminal defendant. See United States v. Desir, 273 F.3d 39, 45 (1st Cir. 2001). For that reason, precedent holds that, in making a Sixth Amendment claim that the right to the ineffective assistance of counsel was violated, a defendant waives any right to invoke the attorney-client privilege against communications with the attorney whose representation is challenged. See United States v. Pinson, 584 F.3d 972, 977-979 (10th Cir. 2009)(collecting cases); In re Lott, 424 F.3d 446, 453 (6th Cir. 2005); Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003)(en banc); Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001); Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974); Laughner v. United States, 373 F.2d 326, 327 (5th Cir. 1967). See also Strickland v. Washington, 466 U.S. 668, 691 (1984) (noting that "inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's ... litigation decisions").

4. Because records and communications between Stone and Attorney Villa concerning Stone's personal, family, or mental health background may dispose of Stone's claim that

Attorney Villa violated Stone's rights by failing to investigate and present mitigating expert evidence, including evidence relating to Stone's risk of re-offending, the Government moves for the entry of an order directing Virginia Villa, Esq.:

    a. to provide to Margaret D. McGaughey, Appellate Chief, all records in her possession, or available to her, that are relevant to the issue raised in the Section 2255 petition

    b. to submit to an interview by Government counsel with respect to Stone's section 2255 petition claim.

                                    Respectfully submitted,

                                    THOMAS E. DELAHANTY
                                    United States Attorney

                                  /s/ Margaret D. McGaughey

                        By:    Margaret D. McGaughey
                                  Appellate Chief

Dated: April 27, 2011

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 27, 2011, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

    Virginia Villa, Esq.
    Assistant Federal Defender
    23 Water Street, Suite 206
    Bangor, ME   04401
    (207) 992-4111
    Virginia_Villa@fd.org

    Charles W. Rankin, Esq.
    RANKIN & SULTAN
    151 Merrimac Street
    Boston, MA   02114
    (617) 720-0011
    Crankin@rankin-sultan.com


            /s/ Melody A. Richardson
            Melody A. Richardson
            Paralegal Specialist