UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ADAM A. STONE, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| v. | ) 1:08-cr-00006-JAW |
| | ) 1:11-cv-00007-JAW |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent | ) |

## **ORDER**

Adam A. Stone has filed a 28 U.S.C. § 2255 motion. Pending is a motion by the United States asking the Court to direct release of client files held by the federal defender who represented Stone during his criminal proceedings. I now grant in part the United States' motion. Stone's § 2255 motion asserts that the federal defender delivered ineffective assistance of counsel in contravention of the Sixth Amendment of the United States Constitution. Stone believes his attorney failed to adequately investigate and present important mitigating evidence, specifically an evaluation of a mental health professional establishing that he presents a minimal risk of reoffending.

In this pending motion the United States seeks all records in the federal defender's "possession, or available to her, concerning the personal, family, or mental health background" of Stone that are relevant to Stone's claim and wants the court to order her to submit to a one-on-one interview by the Assistant United States Attorney regarding Stone's § 2255 claims. (Gov't Mot. at 1, Doc. No. 38.)

To cut to the quick, the United States forwards case law that a defendant waives his or her attorney/client privilege when he or she advances ineffective of assistance claims in a

collateral attack. (Id. at 2.) Current counsel for Stone has provided a well researched and articulate discussion of the law on the scope of waiver in the context of a 28 U.S.C. § 2255 proceedings. (See Def.'s Opp'n, Doc. No. 41.)

Rule 6 of the Rules Governing Section 2255 Proceedings allows for discovery under certain circumstances. Leave of the court is required for a party to pursue discovery under the federal rules governing criminal and civil procedure. See R. Gov. Sec. 2255 Proc. 6(a). The party seeking discovery in a 28 U.S.C. § 2255 context must present to the court the reasons for the request. Id. 6(b). In this case the United States has fairly articulated reasons for allowing it to have discovery in some form and has not requested any specific written discovery.

It is my determination that Stone's attorney has presented the best approach for moving forward with this particular 28 U.S.C. § 2255 motion. There being very little First Circuit case law on the topic of Rule Governing Section 2255 Proceeding 6 discovery, I think the Tenth Circuit's discussion in United States v. Pinson, 584 F.3d 972, 977 -79 (10th Cir. 2009) is very useful. The Tenth Circuit acknowledged the century-old rule of Hunt v. Blackburn, 128 U.S. 464 (1888), id. at 977, and elaborated as follows:

> When a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications. The Supreme Court's pathmarking ineffective-assistance case, Strickland v. Washington, itself hinted at this requirement. 466 U.S. 668, 691 (1984) ( "[I]nquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's ... litigation decisions.").
> Many of our sister circuits have recognized this rule. ….[1]

---

[1]    The Panel provided the following collection of cases:
See, e.g., In re Lott, 424 F.3d 446, 453 (6th Cir.2005) ("The implied waiver in habeas proceedings [is] the result of a petitioner's assertion of his own counsel's ineffectiveness."); Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir.2003) (en banc) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."); Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir.2001) (holding that by bringing an ineffective-assistance claim, § 2255 movant waives attorney-client privilege with respect to conversations that "bare on strategic choices made during representation"); Tasby v. United States,

> ….
> Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim.

Id. at 977-78.  However, with respect to the order compelling the defense attorney's testimony, the Tenth Circuit explained:

> To hold that Pinson waived his attorney-client privilege with respect to his § 2255 claims, however, does not end the analysis. As the Ninth Circuit observed in Bittaker [v. Woodford], "the court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." 331 F.3d [715,] 720 [(9th Cir.2003)].
> ….
> While compelling a new declaration or the production of notes from an attorney in a case such as this is not per se unreasonable, such a requirement should ideally be carefully tailored to protect prisoners' Sixth Amendment rights. Cf. Johnson [v. Alabama], 256 F.3d [1156,] 1168 n. 4 [(11th Cir.2001)] (affirming where district court ordered production of counsel's notes, then conducted in camera review of the notes to determine "whether and to what extent [prisoner's] communication presumptively protected by the attorney-client privilege is relevant to the specific ineffective assistance of counsel claims raised by [prisoner] in his habeas petition").

Id. at 978-79 (footnote omitted).  The Tenth Circuit reviewed the lower court's determination for abuse of discretion and, despite all the cautions pertinent to the question, concluded that the discretion exercised was not subject to appellate reversal or remand.

The current dispute in this case is postured differently. I am addressing a disagreement on the ground-floor with the benefit of the analysis of cases such as Pinson.  I have concluded that in the circumstances of this case the 28 U.S.C. § 2255 movant does have a credible argument that

---

    504 F.2d 332, 336 (8th Cir.1974) ("[Attorney-client] privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence."); Laughner v. United States, 373 F.2d 326, 327 (5th Cir.1967) ("[W]here, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue."). The Ninth Circuit has also indicated that this rule applies as well to the attorney's work-product privilege. Bittaker, 331 F.3d at 722 n. 6

Id. at 978.

3

the United States should be limited in its efforts to seek Rule 6 discovery in the manner sought. The federal defender in this case has been put in a tight spot and has rationally decided to await a court order prior to addressing the United States Attorney's request for an interview that is opposed by Stone's § 2255 counsel.

Given that Stone is currently represented by private counsel, the most reasonable course is to allow Stone and the United States to depose Stone's federal defender. In that context the federal defender would have her files available and the attorneys for Stone and the United States could filter through what disclosure is fair game for purposes of the 28 U.S.C. § 2255 proceeding, accepting as guidance the broad limitations set forth in this order. This process would then allow the Assistant United States Attorney to pursue the inquiries necessary to defend the judgment. As opposed to a private interview between the United States Attorney and the federal defender, this process will additionally provide a transparent review of the facts underlying this § 2255 ineffective assistance of counsel challenge and clarify if further proceedings are necessary in order to fairly resolve this motion. I expect that this effort at developing the 28 U.S.C. §2255 record can proceed in full compliance with the state and national professional bar rules/standards that govern attorney/client disputes.[2]

It is unnecessary to set forth any strict menu at this juncture but the points of inquiry will obviously be limited to the questions material to Stone's specific discontent with the federal defender's performance apropos the risk of reoffending. It is not my perception that Stone's current counsel seeks an open-ended review of the federal defender's performance in requesting a deposition as an alternative to the prosecution's request for the turnover of records and for a private interview. Stone's habeas counsel seems attuned to the key concerns here. In order to expedite the deposition process, Stone's federal defender may turn over to both parties the

---

[2] The United States relies heavily on the Maine Bar of Overseers' rules pertaining to such disclosure.

records she deems most relevant prior to the deposition in order to focus the issues. The parties know that the court is at their disposal should a § 2255 discovery dispute arise in the context of a deposition and they can verify my availability by confirming with my chambers before they schedule a time for the deposition. Contrary to the supposition of the United States, it is not necessarily an onerous use of judicial resources to proceed in this fashion in the context of this particular case.

    **So Ordered.**

June 6, 2011.                          /s/ Margaret J. Kravchuk
                                               U.S. Magistrate Judge